UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN BARGH ) | Case No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| RETRIEVAL-MASTERS CREDITORS ) | **JUDGE BRICCETTI** |
| BUREAU, INC. D/B/A AMERICAN ) | |
| MEDICAL COLLECTION AGENCY ) | **Jury Trial Demanded** |
| ) | |
| Defendant. ) | |
| ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where Defendant is located in and transacts business in this State and district.

## PARTIES

4. Plaintiff, Brian Bargh ("Plaintiff"), is a natural person who at all times relevant resided in the District of Columbia, County of Washington, and City of Washington.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Retrieval-Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency ("Defendant"), is an entity who at all times relevant was engaged, by use of

the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.  Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.  Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. The alleged obligation arises from personal medical bills (the "Debt").

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. Before July 2012, Defendant began placing calls to Plaintiff's cellular telephone in an effort to collect the Debt.

13. Plaintiff sent Defendant a letter dated July 17, 2012, demanding that Defendant cease and desist from placing any and all further calls to Plaintiff's cellular telephone and place of employment. (See July 17, 2012 Correspondence, attached as Exhibit A).

14. Upon information and good-faith belief, Defendant received Plaintiff's July 17, 2012 letter on or about July 24, 2012.

15. Despite receipt of Plaintiff's July 17, 2012 letter, Defendant placed calls to Plaintiff's cellular telephone on, including but not limited to, July 25, 2012, July 28, 2012, July 31, 2012, August 1, 2012, August 2, 2012, and August 4, 2012.

16. Plaintiff sent Defendant a letter dated August 6, 2012, again demanding that Defendant cease and desist from any and all further calls to Plaintiff. (See August 6, 2012 Correspondence, attached as Exhibit B).

17. Defendant received Plaintiff's August 6, 2012 letter on August 9, 2012 at 7:24 A.M. (See Delivery Confirmation, attached letter as Exhibit C).

18. Despite receipt of Plaintiff's July 17, 2012 and August 6, 2012 letters demanding Defendant cease and desist placement of telephone calls to Plaintiff's cellular telephone, Defendant placed additional calls to Plaintiff's cellular telephone on, including but not limited to, August 7, 2012, August 8, 2012, August 9, 2012, August 10, 2012, August 14, 2012, August 17, 2012, August 18, 2012, August 19, 2012, August 21, 2012, August 24, 2012, and August 28, 2012.

19. When Plaintiff answered the August 24, 2012 and August 28, 2012 above-referenced calls, Defendant delivered a message to Plaintiff via a pre-recorded or artificial voice.

20. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

21. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

22. Each and every telephone call Defendant placed to Plaintiff was for the collection of the Debt.

23. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

24. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

25. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above of its own free will.

26. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

27. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

28. Upon information and good-faith belief, Defendant had knowledge that it was leaving voicemail messages using an artificial or prerecorded voice in each of the telephone calls identified above.

29. Upon information and good-faith belief, Defendant intended to leave voicemail messages using an artificial or prerecorded voice in each of the telephone calls identified above.

30. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

## COUNT I

31. Plaintiff repeats and re-alleges each and every allegation contained above.

32. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at a time or place known or which should be known to be inconvenient to Plaintiff by placing calls to Plaintiff's cellular telephone after having received a letter from Plaintiff advising that such calls are inconvenient.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II

33. Plaintiff repeats and re-alleges each and every allegation contained above.

34. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III

35. Plaintiff repeats and re-alleges each and every allegation contained above.

36. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

37. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by willingly and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby demands a trial by jury.

This 26th day of Oct, 2012.

ATTORNEYS FOR PLAINTIFF
*Brian Bargh*

Respectfully submitted,

Jeanne Lahiff, Esq
NY Bar No. 2252435
*Weisberg & Meyers, LLC*
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 511
(866) 842-3303 (fax)
JLahiff@attorneysforconsumers.com

*Please send correspondence to the address below:*

*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012

Exhibit "A"

Case 7:12-cv-08014-VB   Document 1   Filed 10/31/12   Page 8 of 13

July 17, 2012

Brian Bargh
1423 Parkwood Pl NW
Washington, DC 20010

Retrieval Masters Creditors Bureau, Inc.
4 Westchester Plaza
Suite 110
Elmsford, NY 10523

To Whom It May Concern:

This letter is being sent to you in response your numerous computer generated phone calls over the past two weeks. Be advised that this is n

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title

Please provide me with the following:

*What the money you say I owe is for;
*Explain and show me how you calculated what you say I owe;
*Provide me with copies of any papers that show I agreed to pay what you say I owe;
*Identify the original creditor;
*Prove the Statute of Limitations has not expired on this account;
*Show me that you are licensed to collect in my state ;
*Provide me with your license numbers and Registered Agent.

At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau's (Equifa

*Violation of the Fair Credit Reporting Act
*Violation of the Fair Debt Collection Practices Act
*Defamation of Character

If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least 30 days to i

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult

If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must

I would also like to request, in writing, that no telephone contact be made by your offices to my cell phone or to my place of employment. I

Sincerely,


Brian Bargh

# Exhibit "B"

August 6, 2012

Brian Bargh
1423 Parkwood Pl NW
Washington, DC 20010

Retrieval Masters Creditors Bureau, Inc.
4 Westchester Plaza
Suite 110
Elmsford, NY 10523

Dear Sir or Madame:

I am writing to reiterate my request that you please stop calling me and send all future communications in writing to my address above.  Per

As I mentioned in my last letter, your claim that I owe you money is disputed and validation is requested.  I respectfully request that your

Please provide me with the following:

*What the money you say I owe is for;
*Explain and show me how you calculated what you say I owe;
*Provide me with copies of any papers that show I agreed to pay what you say I owe;
*Identify the original creditor;
*Prove the Statute of Limitations has not expired on this account;
*Show me that you are licensed to collect in my state;
*Provide me with your license numbers and Registered Agent.

If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least 30 days to i

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult

If your offices fail to respond to this validation request within 30 days from the date of your initial receipt, all references to this acco

You cannot possibly provide me with competent evidence that I owe you money by phone.  If your office continues to attempt phone contact wit

Sincerely,


Brian Bargh

# Exhibit "C"

USPS.com® - Track & Confirm

Page 1 of 1

English   Customer Service   USPS Mobile                                  Register / Sign In

**USPS.COM**

Search USPS.com or Track Packages

Quick Tools        Ship a Package    Send Mail    Manage Your Mail    Shop    Business Solutions

# Track & Confirm

GET EMAIL UPDATES    PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70111150000059461575 | | Delivered | August 09, 2012, 7:24 am | ELMSFORD, NY 10523 | Certified Mail™ |
| | | Arrival at Unit | August 09, 2012, 7:02 am | ELMSFORD, NY 10523 | |
| | | Depart USPS Sort Facility | August 09, 2012 | WHITE PLAINS, NY 10610 | |
| | | Processed through USPS Sort Facility | August 08, 2012, 10:52 pm | WHITE PLAINS, NY 10610 | |

**Check on Another Item**

What's your label (or receipt) number?



**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

Copyright© 2012 USPS. All Rights Reserved.